

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:98-CR-70(1) |
| | § | |
| WILLIE J. KNOTT | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Willie J. Knott, violated conditions of supervised release imposed by United States District Judge Joe J. Fisher. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 20, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 18, 1998, The Honorable Joe J. Fisher, United States District Judge for the Eastern District of Texas, sentenced Mr. Knott after he pled guilty to the offense of assault with intent to rob a United States Postmaster of United States Property, a Class C felony. Judge Fisher sentenced the defendant to 120 months imprisonment to be followed by three years of supervised subject to the standard conditions of release, plus special conditions to include drug treatment and a $100 special assessment.

On August 31, 2009, Willie J. Knott completed his period of imprisonment and began service of the supervision term. Judge Fisher passed away. Accordingly, on April 29, 2003, this

criminal proceeding was reassigned to United States District Judge Richard A. Schell.

### B. Allegations in Petition

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without the permission of the court or probation officer.*

Specifically, on February 9, 2010, the probation officer called Mr. Knott at his aunt's[1] residence in Beaumont, Texas. During the conversation, Mr. Knott revealed that he was living at her address in Beaumont. Mr. Knott failed to obtain permission from the probation officer to travel to the Eastern District of Texas.[2]

### C. Evidence Presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. If the case proceeded to a contested hearing, the Government would offer testimony establishing that on February 9, 2010, the defendant, Willie Knott, was contacted by the probation officer at his grandmother's house in Beaumont. The evidence would further show that Mr. Knott did not have permission from his probation officer to leave the Southern District of Texas, where he was being supervised. The Government would also offer evidence showing that Mr. Knott failed to maintain contact with his probation officer regarding his whereabouts.

---

[1] At the revocation hearing, the defendant clarified on the record that he was actually staying with his grandmother instead of his aunt. The parties agreed that this clerical change does not affect any substantive finding on the violation of his conditions.

[2] The record shows that while Mr. Knott was convicted in this district, he was being supervised by the United States Probation Office in the Southern District of Texas.

Defendant, Willie J. Knott, offered a plea of true to the allegations. Specifically, Mr. Knott agreed with the evidence presented and pled true to the allegation that he left the judicial district without the permission of his probation officer in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without the permission of his probation officer.

If the Court finds that Mr. Knott violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release³, the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5ᵗʰ Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5ᵗʰ Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by leaving the judicial district without permission. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Willie J. Knott, to serve a term of **eight (8) months imprisonment**, with no further supervision term upon his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5ᵗʰ Cir. 1988), and

---

³ *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of April, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE